

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 10, 1957

Honorable Joseph F. Leonard, Jr.
County Attorney
Kerr County
Kerrville, Texas

Opinion No. WW-255

Re: Effective date of House
Bill No. 247, Acts 55th
Legislature, Regular Ses-
sion, Chapter 50, page
Dear Mr. Leonard:                  102, and related question.

Your letter of August 23rd, requests an opinion by
this office on the following two questions:

1. What is the effective date of House Bill
247, Acts 55th Legislature, Regular Session,
Chapter 50, page 102?

2. Are orders and proclamations issued pur-
suant to the provisions of said Act but prior
to the effective date thereof valid?

House Bill 247 declares a closed season on certain
wild life resources in the counties of Llano, Medina, Sutton,
Edwards, Crockett, Gillespie, Kerr, Bandera and Mason Counties.
Section 1 thereof provides that the Game and Fish Commission
shall "by proclamation, rule or regulation, from time to time,
provide the means and the method and the place and the manner
in which such wild life resources may be lawfully taken".

Section 2 provides in part:

"Pursuant to and based upon such studies, said
Commission shall enter its findings of fact with
respect thereto, and if, in the opinion of the
Commission, an open season or period of time may
be safely provided for any of the wild life re-
sources of said counties, said Commission is auth-
orized and directed from time to time to provide
an open season or period of time when such wild
life resources may be taken. The proclamation,

rule, or regulation issued by the Commission
shall be specific as to the quantity, species,
sex, age or size that may be taken."

Section 7 provides that no proposed rule, regulation
or order shall be adopted unless a public hearing is first held
in the county to be affected by same. The section further pro-
vides that notice of said hearings shall be given in the manner
prescribed.

Section 9 provides that the orders, rules and regula-
tions adopted by said Commission shall become effective fifteen
days after their adoption except in certain specified instances.

Section 16 provides that said Act shall be in force
and effect from and after April 14, 1957.

In reply to your first question, we call your atten-
tion to Section 39 of Article III of the Constitution of Texas,
which reads as follows:

"No law passed by the Legislature, except the
general appropriation act, shall take effect or
go into force until ninety days after the ad-
journment of the session at which it was enacted,
unless in case of an emergency, which emergency
must be expressed in a preamble or in the body of
the act, the Legislature shall, by a vote of two-
thirds of all the members elected to each House,
otherwise direct; said vote to be taken by yeas
and nays, and entered upon the journals."

Since the Bill was passed by the Senate by a viva-voce
vote, and not by yeas and nays entered upon the Senate Journal
as prescribed by the foregoing constitutional provision, said
Bill could not become effective, Section 16 of the Bill not-
withstanding, until ninety days after adjournment of the Regu-
lar Session of the 55th Legislature. Hence the effective date
of House Bill 247 would be August 22, 1957.

With reference to your second question, it has been
consistently held that a statute "speaks as of the time at
which it becomes effective". Accordingly, a legislative act
is operative as notice, and ordinarily it is operative in all
other respects, as soon as it becomes a law. 39 Tex. Jur. 51;

Moorman v. Terrell, 109 Tex. 173, 202 S.W. 727; Anderson v. Perrix, 138 Tex. 596, 161 S.W.2d 455; Rudco Oil & Gas Co. v. Lemosters, 146 S.W.2d 806, (Civ.App. 1940).

In view of the foregoing, it is our opinion that any orders, rules or regulations promulgated and adopted, pursuant to the provisions of House Bill No. 247, prior to the effective date of the Act, are null and void. The authorization to perform such Acts comes into being on August 22, 1957, and not before.

The scope of this opinion is necessarily confined to answering the two questions submitted, and does not, by implication or otherwise, purport to cover any other question which may arise in connection with the interpretation and enforcement of said bill.

We have not considered Senate Bill No. 351, Acts 55th Legislature, Regular Session, Chapter 152, page 333, mentioned in your request, for the reason that this Act applies only to Bexar County which is outside your jurisdiction.

SUMMARY

The effective date of House Bill 247, Acts 55th Legislature, Regular Session, Chapter 50, page 102, is August 22, 1957, said date being 90 days after the adjournment of the session at which it was enacted.

Any orders, rules and regulations promulgated and adopted pursuant to the provisions of House Bill

247, but prior to the effective
date of same, are null and void.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Leonard Passmore

LP:jl:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Jim Rogers

Arthur Sandlin

Larry Jones

Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:  James N. Ludlum